T.C. Memo. 2009-95

UNITED STATES TAX COURT

THOMAS W. CORSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12491-07.                    Filed May 7, 2009.

Thomas W. Corson, pro se.

<u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This action was commenced under section
6404(h) in response to a final determination by the Appeals
Office that petitioner is not entitled to a full abatement of
interest associated with his 1981 Federal income tax liability.
The case is now before the Court on respondent's motion for
summary judgment and petitioner's objection to respondent's

motion for summary judgment. The issue for decision is whether the Appeals officer abused his discretion in rejecting in part petitioner's claim for abatement of interest. References to section 6404(a) and (b) are to the Internal Revenue Code in effect for the year in issue. References to section 6621(c) are to section 6621(c) after amendment by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1511(a) and (c)(1), 100 Stat. 2744. References to section 6404(e) are to section 6404(e) before amendment by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301, 110 Stat. 1457 (1996). Unless otherwise stated, all other section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Arizona at the time his petition was filed.

During 1981, petitioner participated in a type of tax shelter limited partnership arrangement commonly referred to as "Elektra Hemisphere". Petitioner and his then wife filed a joint Federal income tax return for 1981. Petitioner and his wife divorced in 1984. The Internal Revenue Service (IRS) sent to petitioner and his ex-wife a joint notice of deficiency for 1981, in which it determined a $21,711 deficiency that resulted largely from disallowance of losses relating to petitioner's investments

in the tax shelter partnership arrangement. Petitioner and his ex-wife filed a petition with this Court on July 15, 1985, contesting the notice of deficiency.

A test case (Krause/Hildebrand test case) for the over 2,000 Elektra Hemisphere related cases, including petitioner's case, was litigated, and the Court held that the related investment losses were nondeductible. See Krause v. Commissioner, 99 T.C. 132 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994). On the basis of the resulting Krause/Hildebrand test case decisions, petitioner and his ex-wife stipulated an income tax deficiency of $21,711 for 1981. The parties reached a stipulated decision agreement that reflected this deficiency and, after application of section 6015(c), that petitioner and his ex-wife each owed one-half of the income tax deficiency ($10,855.50).

The stipulated decision agreement also provided that interest would be assessed as provided by law on the deficiency and that petitioner waived the restrictions in section 6213(a) that prohibit assessment and collection of the deficiency and statutory interest until the decision of the Court becomes final. The parties further stipulated that the deficiency was a substantial underpayment attributable to tax-motivated transactions (TMT), and thus the related interest was to be calculated by an increased rate pursuant to section 6621(c)

(before amendment by the Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. 101-239, sec. 7721(b), 103 Stat. 2399). The Court entered the stipulated decision agreement as a decision on October 3, 2000.

On March 5, 2001, 153 days after the decision was entered, the IRS sent to petitioner a Form 3552, Prompt Assessment Billing Assembly, that notified him of the assessment of $10,855.50 for the deficiency and $81,394.56 for the related interest that had accrued as of November 2, 2000. The Form 3552 did not show the interest rate or any computation as to how the IRS calculated the interest charged. For over 2 years, petitioner tried to obtain from the IRS a payoff balance that included a computation of interest, but the IRS did not respond to the request. The IRS sent a statement on March 3, 2003, which reflected the $92,250.06 owed and an additional late payment penalty of $1,302.66 but no computation of interest.

Through the aid of the Taxpayer Advocate Service, petitioner finally received a computation of interest on April 7, 2003. On April 21, 2003, the IRS received a check from petitioner for $108,873.24 to pay in full the deficiency and the related interest as calculated through April 30, 2003. Along with the check, petitioner sent a letter dated April 17, 2003, stating that he retained his right to dispute items with respect to his payment.

On October 3, 2003, petitioner sent to the IRS a Form 843, Claim for Refund and Request for Abatement.  In his Form 843, petitioner claimed that all interest for the period from March 5, 2001 to April 7, 2003 ($16,623), should be abated because the IRS had failed to provide petitioner with proper notice showing the computation of interest.  Petitioner also claimed any other interest that had accrued between April 15, 1982 and March 5, 2001, should also be abated for any delays the IRS caused.

The IRS rejected petitioner's request and returned it unprocessed, asserting that

> the Audit of $21,711.00 has been canceled on Mar. 3,
> 1986.  The interest charges for that Audit of
> $13,143.45 were also cancelled [sic] at the same time.
> There is no interest charged on this tax year [1981],
> the account is in zero balance due.

Petitioner, responding through a certified letter, requested either a refund of his payment or the processing of his Form 843. The IRS did not respond to this letter.  On May 5, 2005, petitioner filed a Form 911, Application for Taxpayer Assistance Order, wherein he again sought either a refund or the processing of his Form 843.  On June 29, 2005, the IRS denied any errors or delays on its part and ultimately denied any abatement of interest.  Petitioner sent a request for appeal of the IRS's determination on July 15, 2005.

On December 8, 2006, the Appeals Office sent to petitioner a Partial Allowance--Final Determination letter wherein $23,078.93

was abated from the $98,017.74 total interest that had accrued as
of April 21, 2003.  The letter detailed the abatement as follows:

| Period | Abatement of Interest |
| --- | --- |
| June 30, 1994 to June 30, 1995 | $6,455.75 |
| March 5, 2001 to April 30, 2003 | 16,623.18 |

The balance of petitioner's abatement of interest request,
however, was disallowed because the Appeals officer could find no
errors or delays on the IRS's part for the periods from April 15,
1982 to June 29, 1994, and July 1, 1995 to March 4, 2001.  The
letter did not contain any specific information as to why the
Appeals officer granted or denied abatement for the different
periods.

    Within a Case Memorandum dated November 29, 2006, however,
the Appeals officer explained his analysis and recommendation for
partial abatement.  In making his decision, he reviewed all
available information and considered all concerns voiced by
petitioner.  The Appeals officer abated interest for the period
from March 5, 2001 to April 30, 2003 because he determined that
the failure to provide petitioner with the requested interest
computation and current payoff was an "unreasonable delay by an
officer or employee of the IRS in performing a ministerial act."
The Appeals officer found that the IRS caused no delay from July
15, 1985 through January 3, 1991, and May 17, 1996 through
October 3, 2000, because Court records showed significant
activity taking place during that time with respect to

petitioner's cases. He also found that the period of accrual caused by the pendency of the <u>Krause</u>/<u>Hildebrand</u> test case, which was decided on appeal in June 1994, was not due to the delay of any ministerial act of the IRS.

The Appeals officer thus determined that the only unexplained gap in time was from June 1994 until May 17, 1996, during which there was no Court activity and no record of IRS activity. However, the Appeals officer also concluded that some actions with respect to the Court proceedings and settlement deliberations must have occurred during the unexplained 2-year period, even though none were reflected in the materials he reviewed. The Appeals officer allowed a 1-year period of abatement of interest for petitioner, which he designated to be from June 30, 1994 to June 30, 1995.

Discussion

Under Rule 121, a summary adjudication may be made

> if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case. [Rule 121(b).]

For reasons set forth below, we conclude that there is no genuine issue as to any material fact.

Petitioner bears the burden of proof. See Rule 142(a). However, respondent is in the best position to know what actions

were taken by IRS officers and employees during the period for which a taxpayer's abatement request was made and during any subsequent inquiry based upon that request.  See Jacobs v. Commissioner, T.C. Memo. 2000-123.  To prove that abatement of interest is appropriate, a taxpayer must identify an error or delay caused by a ministerial act on the part of the IRS and must directly link the mistake to a specific time period during which interest accrued.  Sec. 6404(e); accord Guerrero v. Commissioner, T.C. Memo. 2006-201; Braun v. Commissioner, T.C. Memo. 2005-221.

Petitioner contends that the Appeals officer's final determination, denying abatement of interest for the periods April 15, 1982 to June 29, 1994, and July 1, 1995 to March 4, 2001, was an abuse of discretion.  Petitioner seeks judicial review under section 6404(h)(1) and Rule 280(b) for abatement of the remaining interest of $74,938.81.  Respondent argues that the Appeals officer did not abuse his discretion and denies that any errors or delays occurred on the part of the IRS during these periods with respect to the interest assessed.

The Court may order an abatement if it was an abuse of discretion to refuse to abate interest in the final determination.  Sec. 6404(h)(1); see Hinck v. United States, 550 U.S. 501, 506 (2007) (holding that the Tax Court provides the exclusive forum for judicial review of the IRS's refusal to abate interest).  In order to prevail, a taxpayer must prove that the

Appeals officer acted arbitrarily, capriciously, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner raises four arguments to show an abuse of discretion by the Appeals officer: (1) Failure to abate interest because the IRS failed timely to assess the interest; (2) failure to abate interest caused by the IRS's erroneous application of the section 6621(c) 120-percent TMT interest rate; (3) failure to abate interest that accrued because the IRS delayed in applying the Krause/Hildebrand test case decisions to petitioner's case; and (4) failure to investigate, review, or abate interest for any other periods during the time petitioner's case was pending. We address each of petitioner's arguments.

## 1. Error of Untimely Assessment

Petitioner alleges in his petition that the IRS made an untimely assessment after the decision entered by this Court on October 3, 2000. As a result, he asserts that "the principal and interest due" should have been abated by the Appeals officer. Respondent originally viewed this allegation as merely referring to a delay in assessment despite the section 6213(d) waiver paragraph in the stipulated settlement. After further discussion with petitioner, however, respondent now understands petitioner's argument to encompass more than just a delay in the assessment. Rather, petitioner claims that the period of limitations on

assessment of the deficiency expired before the assessment. See sec. 6501(a). Thus, he asserts, the deficiency and the interest that stems from it should be abated because section 6404(a)(2) provides that the Commissioner is authorized to abate a tax liability that is assessed after the expiration of the period of limitations. Alternatively, petitioner argues that material facts, such as the dates of the notice of deficiency and the assessment of interest, are in issue.

Respondent contends that section 6404(b) precludes petitioner from requesting abatement with regard to an assessment of an income tax except as provided by section 6404(e). Because petitioner is prohibited in this manner, respondent argues that "the Tax Court lacks jurisdiction to consider petitioner's Statute of Limitations argument."

The Court has jurisdiction under section 6404(h) to review the Commissioner's failure to abate interest under all subsections of section 6404, and our jurisdiction is not limited to reviewing only cases under section 6404(e). Woodral v. Commissioner, supra at 22-23. However, section 6404(h) does not authorize us to decide whether the underlying deficiency was properly assessed in order to determine whether interest should be abated. See Kosbar v. Commissioner, T.C. Memo. 2003-190. Given that this case is one "in respect of an assessment of * * * [income] tax imposed under subtitle A", petitioner does not

qualify for an abatement of interest under section 6404(a)(2).
Sec. 6404(b); <u>Corson v. Commissioner</u>, 123 T.C. 202, 207 n.6
(2004); <u>Asciutto v. Commissioner</u>, T.C. Memo. 1992-564, affd. per
order 26 F.3d 108 (9th Cir. 1994).  Because section 6404(b)
applies, any dispute as to the factual dates of events that might
determine the expiration of the period of limitations on
assessment is not dispositive.

Section 6404(e)(1) provides in part:

> (1) In general.--In the case of any assessment of
> interest on--

> > (A) any deficiency attributable in whole or
> > in part to any error or delay by an officer or
> > employee of the Internal Revenue Service (acting
> > in his official capacity) in performing a
> > ministerial act, or

> > (B) any payment of any tax described in
> > section 6212(a) to the extent that any error or
> > delay in such payment is attributable to such
> > officer or employee being erroneous or dilatory in
> > performing a ministerial act,

> the Secretary may abate the assessment of all or any
> part of such interest for any period. * * *

(Amendments enacted in 1996 expanded the scope of section 6404(e)
to include "managerial" as well as ministerial acts, and they
qualified that the error or delay be "unreasonable".  See TBOR 2,
sec. 301(a), 110 Stat. 1457.  Because these amendments are not
effective retroactively for tax years beginning before August 1,
1996, they do not apply to the instant case.  While the Appeals
officer made his determination using an "unreasonable" standard

for the errors and delays examined, that erroneous standard was never a deciding factor in his review.)

The term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). (While the final regulations under section 6404 were issued on Dec. 18, 1998, they generally apply to interest accruing on deficiencies or payments of tax for tax years beginning after July 30, 1996, and, therefore, are inapplicable to the instant case. See sec. 301.6404-2(d), Proced. & Admin. Regs.; see also sec. 301.6404-2T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987) (effectuating the temporary regulations cited for taxable years beginning after Dec. 31, 1978 (but on or before July 30, 1996)).

The assessment of tax, including interest pursuant to section 6601(e), is a procedural action that does not require the use of judgment or discretion, much like the issuance of a notice of deficiency. See Corson v. Commissioner, supra at 208. In Fruit of the Loom, Inc. v. Commissioner, T.C. Memo. 1994-492, affd. 72 F.3d 1338 (7th Cir. 1996), we observed that "[a]ssessment is the ministerial act of recording a taxpayer's

Federal tax liability in the office of the District Director."
Therefore, the assessment of petitioner's interest is a
ministerial act and qualifies for review under section 6404(e).

In his examination of petitioner's case, the Appeals officer
considered both the assessment issue and the period between the
entered decision and the assessment date.  He found no
"unreasonable error or delays" by the IRS in making the
assessment.

## 2. Error in Applying Section 6621(c) TMT Interest Rate

Petitioner's second argument is that the Appeals officer
should have abated a portion of the interest because the IRS
erred in applying the section 6621(c) TMT interest rate.

Section 6621(c) applies an increased rate of interest on
substantial underpayments of tax resulting from tax-motivated
transactions.  (Sec. 6621(c) was repealed as of Dec. 31, 1989, by
OBRA, sec. 7721(b), 103 Stat. 2399.)  Application of this section
to Elektra Hemisphere investors was upheld by the Court of
Appeals for the Ninth Circuit in Hill v. Commissioner, 204 F.3d
1214, 1219-1221 (9th Cir. 2000) (following Hildebrand v.
Commissioner, 28 F.3d 1024 (10th Cir. 1994)).  A decision
concerning the proper application of Federal tax law is not a
ministerial act.  Sec. 301.6404-2T(b)(1), Temporary Proced. &
Admin. Regs., supra.  As the application of section 6621(c) is an
application of Federal tax law, petitioner's argument fails.  The

Appeals officer did not abuse his discretion in denying abatement with respect to the section 6621(c) TMT interest rate.

## 3. Delay in Applying Krause/Hildebrand

Petitioner's third argument is that the Appeals officer failed to abate all interest for the period during which the IRS delayed applying the final result of the Krause/Hildebrand test case to petitioner's case. The Appeals officer, in considering petitioner's concern, determined this period to be from approximately June 1994, the month the Krause/Hildebrand test case was decided on appeal, until October 3, 2000, the day the stipulated settlement was entered as a decision in petitioner's earlier Court case. The Appeals officer determined that the only unexplained gap within this period was from June 1994 until May 17, 1996, because there was no record of Court or IRS activity during this timeframe. Even after determining a gap, however, the Appeals officer still believed that some actions arising from Court proceedings and settlement deliberations must have occurred during that time. Weighing the argument and considering Jacobs v. Commissioner, T.C. Memo. 2000-123, the Appeals officer allowed a 1-year period of abatement of interest, which he designated to be from June 30, 1994 to June 30, 1995.

Petitioner argues that this period of abatement should be greater in scope because of the recognized "delay" in applying the Krause/Hildebrand test case final decision to his case.

However, the mere passage of time during the litigation phase of a tax dispute does not establish error or delay by the Commissioner in performing a ministerial act.  <u>Lee v. Commissioner</u>, 113 T.C. 145, 150 (1999); see <u>Beagles v. Commissioner</u>, T.C. Memo. 2003-67.  Respondent's decision on how to proceed in the litigation phase of the case necessarily required the exercise of judgment and is not a ministerial act. See <u>Lee v. Commissioner</u>, <u>supra</u> at 150-151.  The Appeals officer acted within his discretion in granting this 1-year abatement, and respondent does not contest his decision.  Petitioner has not established that greater abatement is justified.  See <u>Beagles v. Commissioner</u>, <u>supra</u>.

<u>4. Any Other Delay</u>

Petitioner's last argument is that the Appeals officer failed to investigate, review, or abate interest for any other periods during the time his case was pending in this Court.

Section 6404(e) is not intended to be routinely used to avoid payment of interest; rather, Congress intended abatement of interest only where failure to do so "would be widely perceived as grossly unfair."  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.  A request demanding abatement of all interest charged does not satisfy the required link; it merely represents a request for exemption from interest.  See <u>Braun v.</u>

Commissioner, T.C. Memo. 2005-221.  Such a broad claim extends beyond the intention of the statute.  See H. Rept. 99-426, supra at 844, 1986-3 C.B. (Vol. 2) at 844; S. Rept. 99-313, supra at 208, 1986-3 C.B. (Vol. 3) at 208.  The Appeals officer's determination not to abate interest based on petitioner's blanket request was not an abuse of discretion.  See Donovan v. Commissioner, T.C. Memo. 2000-220.

Taking into account all the facts and circumstances of this case, we hold that the Appeals officer erred as a matter of law in denying petitioner's request for an abatement of interest with respect to the period of November 2, 2000 to March 4, 2001, because of a belated assessment under section 6601(c).  The Appeals officer's determination is otherwise sustained.  In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision for respondent will be entered.